**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**CHRISTINE HARRIS,**

        **Plaintiff,**                    **CIVIL ACTION NO. 09-15002**

    vs.

                                      **DISTRICT JUDGE VICTORIA A. ROBERTS**

**LENGEL, et. al,**                      **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:**  This Court recommends that Defendant Jones and Godwin's motion for summary judgment (docket no. 33) be granted as to Defendant Godwin and denied as to Defendant Jones.

**II.**    **PROCEDURAL HISTORY:**

This is a *pro se* civil rights complaint filed by a Michigan state prisoner. Plaintiff is confined at the Huron Valley Correctional Facility for women. For purposes of this motion Defendants are Tekio Jones, a Sergeant at the Robert Scott Correctional Facility (SCF) at the time of the incident alleged in the complaint, and Larry Godwin, a former Inspector at SCF. Plaintiff sues Defendants for violation of the Eighth Amendment for failing to protect her from assault by a fellow inmate. Defendants Jones and Godwin filed the instant motion for summary judgment on July 13, 2012. Plaintiff was ordered to respond to the motion by January 18, 2013. (TR 39). On the last day to respond Plaintiff filed a motion for reconsideration of an earlier order denying her motion to compel discovery from the Michigan Department of Corrections (MDOC). (Docket no. 41). She filed an

1

identical motion three days later which was terminated by the Court. (Docket no. 42). Plaintiff did not file a response to the motion for summary judgment. In her motion for reconsideration, Plaintiff asks the Court to extend the deadline for filing her response to the motion for summary judgment until after she has formally served discovery requests to the MDOC and the MDOC has had an opportunity to respond. This case has been referred to the undersigned for all pretrial purposes. (Docket no. 37). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling under 28 U.S.C. § 636(b)(1)(B).

**A.     Facts**

Plaintiff alleges that she informed Defendant Jones that a prisoner named Topps threatened to kill her and other prisoners. She claims that Defendant Jones told her and several other women that he would speak to prisoner Topps. Less than three hours later prisoner Topps was sent back into the same housing unit with Plaintiff and two other inmates she had threatened. Sometime thereafter Plaintiff states that prisoner Topps slashed her about the face and wrist with a razor. Plaintiff claims that Defendant Jones and the prison administration were aware of the threats made by prisoner Topps against herself and other prisoners yet did nothing to prevent the attack. She claims that she was never offered protection even though other prisoners in similar threatening positions have been placed in segregation.

Plaintiff contends that she informed Defendant Godwin that she wanted to exercise her right to press charges against prisoner Topps for trying to kill her. She states that she petitioned Defendant Godwin twice in March 2007 to facilitate a criminal investigation and bring criminal charges against prisoner Topps but he refused to address the claim.

Plaintiff sues Defendants in their personal and official capacities for monetary damages. She

also requests a restraining order preventing prisoner Topps from being within 100 yards of her presence.

**B.    Governing Law**

Defendants Jones and Godwin move for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.*

**C.    Analysis**

The Court will first address Plaintiff's request to extend the deadline for filing her response to the motion for summary judgment until after she serves formal discovery requests on the MDOC. Federal Rule of Civil Procedure 56 states that a party may move for summary judgment "at any time until 30 days after the close of all discovery" unless otherwise ordered by the Court. Fed. R. Civ. P. 56(a), (b). If a nonmoving party shows "by affidavit or declaration that, for specified reasons, [she] cannot present facts essential to justify [her] opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The party opposing the motion bears the burden of showing that discovery is necessary. *CGH Transport, Inc. v. Quebecor World, Inc.*, 261 Fed. Appx. 817, 821 (6th Cir. 2008). The Rule 56(d) affidavit or declaration must "identify the material facts it hopes to uncover" with additional

3

discovery. *Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 Fed. Appx. 826, 835 (6th Cir. 2009).

Plaintiff did not submit a declaration or affidavit under Rule 56(d) explaining her need for additional discovery. Furthermore, Plaintiff attached to her motion a letter she allegedly sent on August 10, 2012 to the prison "litigation coordinator." (Docket no. 41, ex. 1). The letter states that Plaintiff has within her possession copies of a grievance and various kites she sent to the prison administration. In the letter Plaintiff asks the litigation coordinator to provide her with certified copies of the documents she already has in her possession. (Docket no. 41, ex. 1). Plaintiff alleges that she received no response from the litigation coordinator and she now moves for an extension of her response time so that she can issue a formal discovery demand. She does not identify what if any other documents she may be requesting from the MDOC, or state any reason why she could not have responded to the motion for summary judgment with copies of the documents she claims to have in her possession. Plaintiff also does not reveal how the documents will help defend against the motion for summary judgment. The undersigned finds no basis for delaying consideration of Defendants' motion for summary judgment.

Defendant Godwin states by affidavit that he was an Inspector at SCF at all time relevant to this lawsuit. (Docket no. 33, ex. 1). He claims that as an Inspector he was responsible for overseeing prison security operations, which would include conducting investigations, making rounds, acting as the facility's tools control officer, preparing practice mobilizations and writing routine reports. (Docket no. 33, ex. 1 at ¶ 3). He states in his affidavit that he was not assigned as the Michigan State Police (MSP) liaison in 2007, when Plaintiff claims she approached him to open a criminal investigation and bring criminal charges against prisoner Topps. Instead, Defendant Godwin avers that a different Inspector was the facility's MSP liaison in 2007 and it was this

4

Inspector who would have been responsible for making any referral for prosecution of prisoner Topps based on the assault alleged by Plaintiff. Defendant Godwin states in his affidavit that the only circumstances under which he would have contacted the MSP were if the Warden or Deputy Warden specifically advised him to do so, which he claims did not happen in this case. (Docket no. 33, ex. 1 at ¶ 5).

Plaintiff alleges in her complaint that Inspector Godwin violated her constitutional rights because he failed to initiate a criminal investigation and bring criminal charges against prisoner Topps. "Private citizens [like Plaintiff], whether or not they are prisoners, ... cannot compel a criminal investigation or prosecution against another." *Martin v. Koljonen*, 89 Fed. Appx. 567, 568 (6th Cir. 2004) (citing *Diamond v. Charles*, 476 U.S. 54, 64 (1986)). This is so because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. at 64 (citations omitted). Based on the foregoing, the undersigned recommends that Plaintiff's claims against Defendant Godwin be dismissed.

As for Defendant Jones, Plaintiff alleges that he violated her Eighth Amendment rights by failing to protect her from a violent fellow prisoner. "[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan,* 511 U.S. 825, 833 (1994) (citations omitted). To prevail on a failure to protect claim against a prison official under the Eighth Amendment, the plaintiff must demonstrate "(1) that [she] is incarcerated under conditions posing a substantial risk of serious harm, and (2) that the prison official had the state of mind ... of deliberate indifference to inmate health or safety." *Lyons v. Holden–Selby,* 729 F. Supp. 2d 914, 918 (E.D.Mich. 2010) (quoting *Farmer,* 511 U.S. at 838) (internal quotation marks omitted). A prisoner plaintiff is not required to allege or show that the defendant *actually believed* that the plaintiff was

5

at risk from a specific attack. Rather, "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 815 (6th Cir. 1996) (quoting *Farmer,* 511 U.S. at 842). Likewise, a plaintiff is not required to show that the defendant was aware that the particular risk of harm or threat was specifically directed at her. *Farmer*, 511 U.S. at 843 (a prison official does not avoid liability for deliberate indifference by showing that he was aware of an obvious, substantial risk to inmate safety, but he did not know that the plaintiff was especially likely to be assaulted by the specific prisoner who committed the assault).

Plaintiff alleges that she informed Defendant Jones that she and other inmates had been threatened by prisoner Topps, yet she was never offered any protection or placed in segregation. She claims she was subsequently attacked by prisoner Topps. Defendant Jones argues that at most Plaintiff has alleged that he acted with a lack of due care. Additionally, he states by affidavit that Plaintiff did not inform him of the threat made by prisoner Topps, but instead spoke to him about another prisoner having problems with prisoner Topps. He states that he would have offered Plaintiff protection in accordance with prison policy if Plaintiff's life had been threatened by prisoner Topps.

Plaintiff filed this action in December 2009 yet she did not successfully serve Defendants Godwin and Jones until May 2012. (Docket nos. 30-32). Defendants filed the instant motion for summary judgment in July 2012. This matter was referred to the undersigned in September 2012. No scheduling order has yet been entered and there is no indication that the parties have engaged in discovery. The undersigned finds that it would be premature at this stage in the litigation to dismiss Plaintiff's claims against Defendant Jones. Genuine issues of material fact remain as to

6

whether Defendant Jones failed to protect Plaintiff in violation of her Eighth Amendment rights. Accordingly, the undersigned recommends that Defendants' motion for summary judgment be denied as to Defendant Jones so as to allow the parties an opportunity to participate in discovery. Defendant Jones should be reminded that he must seek leave of Court if he chooses to file a second motion for summary judgment in the future. *See* E.D. Mich. L.R. 7.1(b)(2).

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: February 8, 2013     s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Christine Harris and Counsel of Record on this date.

Dated: February 8, 2013     s/ Lisa C. Bartlett
                            Case Manager