UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE L. HARRIS,

    Plaintiff,

vs.                                                                    Case No.: 09-15002
                                                        Honorable Victoria A. Roberts

SERGEANT TEKIO JONES AND
INSPECTOR LARRY GODWIN,

    Defendants.
_____/

## OPINION AND ORDER ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. INTRODUCTION**

Christine Harris, a *pro se* inmate at the Huron Valley Correctional Facility for women, filed a complaint alleging 42 U.S.C. § 1983 violations against Defendants Lieutenant Lengel, Correctional Officer Katrina Massaquoi, Sergeant Tekio Jones, Deputy Warden Robin Cole, and Inspector Larry Godwin. She alleges they failed to protect her in violation of the Eighth Amendment. Harris voluntarily dismissed Lengel and Cole, and Massaquoi died in 2011. The remaining Defendants, Godwin and Jones ("Defendants"), filed a motion for summary judgment that was referred to the Magistrate Judge. She filed a Report and Recommendation recommending that Godwin be granted summary judgment but that Jones be denied.

The Court **ACCEPTS IN PART** and **REJECTS IN PART** the Report and Recommendation. Defendants' motion for summary judgment is **GRANTED** in its entirety; there are no issues of fact in dispute; Jones is entitled to qualified immunity.

1

## II. BACKGROUND

Harris says that on January 30, 2007, an inmate named Topps threatened to assault her and several other inmates. Harris says that she told Jones about Topps' threat. She says Jones agreed to speak to Topps, but did not offer her protective custody. Topps was briefly held at the prison control center after she made the alleged threats, but was released. Topps was allowed to return to the same housing unit as Harris. Harris says Topps assaulted her with a razor blade and cut her twice on the face and once on the wrist. Harris says Jones should have offered her protection because he knew of Topps' threats.

After her attack, Harris says that she asked Godwin many times to begin a criminal investigation and file criminal charges against Topps, but her requests were ignored.

On December 24, 2009, Harris filed a complaint against Defendants, alleging that Godwin's failure to initiate criminal proceedings and Jones' failure to protect her are Eighth Amendment violations.

In support of their motion for summary judgment, Jones and Godwin attach affidavits. Godwin's affidavit says he does not recall receiving any document from Harris regarding a request for criminal investigation. Jones' affidavit says Harris never told him that Topps threatened to kill her. Jones also says he never told Harris he would speak to Topps regarding the threats she made. Instead, Jones says that Harris told him that another prisoner was having problems with Topps.

Harris did not respond to Defendants' motion for summary judgment. She had earlier filed a motion to compel documents from the Michigan Department of

Corrections ("MDOC"). The Magistrate Judge denied Harris' motion to compel, stating that Harris must subpoena the MDOC, a non-party.

On January 2, 2013, the Court ordered that Harris respond to Defendants' motion for summary judgment by January 18, 2013. Harris did not do that. Instead, on the date the response was due, Harris filed a motion for rehearing on her earlier motion to compel. The Court treated her motion for rehearing as an objection to the Magistrate Judge's order on her earlier motion to compel. In the motion for rehearing Harris asked the Court to extend the date to respond to Defendants' motion. This Court denied her request, stating that Harris still had not served subpoenas on the MDOC. The Court also addressed Harris' request to extend discovery by denying the request.

In her Report and Recommendation, the Magistrate Judge says that summary judgment was appropriate on behalf of Godwin because private citizens – prisoners or not - cannot compel a criminal investigation or prosecution against another, since they lack a judicially cognizable interest in such a prosecution. Harris did not object to this conclusion.

The Magistrate Judge construed Harris' motion for rehearing as a motion to extend discovery and denied Jones' request for summary judgment; the Magistrate Judge said it would be premature to dismiss the claims against Jones because there had been no discovery.

On February 22, 2013, Jones filed an objection to the Report and Recommendation. He says that the Magistrate Judge erred in declaring that genuine issues of material fact remain and by failing to address his qualified immunity defense.

**III. STANDARD OF REVIEW**

### A. Motion for Summary Judgment

Under § 636(b)(1)(B), the Magistrate Judge's recommendations regarding Jones' motion for summary judgment are dispositive and are reviewed *de novo*. The referring judge may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made. 28 U.S.C. § 636(b).

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). The moving party bears the initial burden to show that there is no genuine issue of material fact. *Snyder v. AG Trucking Co.,* 57 F.3d 484, 488 (6th Cir. 1995). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence to show that a genuine issue exists for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, (1986).

## IV. ANALYSIS

### A. FIRST OBJECTION

The Court first addresses whether the Magistrate Judge was correct to discuss Harris' request for extension on the deadline to file her response to Defendants' summary judgment motion, which was included in Harris' objection to an earlier order entered by the Magistrate Judge. This is Jones' first Objection: "the Magistrate Judge erred in recommending that genuine issues of material fact remain when Plaintiff failed to respond to Defendants' summary judgment motion and failed to show what evidence was needed to respond."

4

In her analysis, the Magistrate Judge discusses Plaintiff's request to extend the deadline for filing her response to the motion for summary judgment until after she serves formal discovery on Defendants. There was no such request before the Magistrate Judge. Harris had filed a motion for rehearing on the earlier Order entered by the Magistrate Judge denying Harris' motion to compel. This Court considered that motion for rehearing as an objection to the Magistrate Judge's Order, and denied it. (Doc. 42) In the motion for rehearing, Harris raised - for the first time - the need to extend discovery to respond to the summary judgment motion:

> "On January 2, 2012, this court issued a notice of determination of motion without oral argument in the matter of a motion for summary judgment filed by Defendant. It was ordered by this court that if this Plantiff (sic), wishes to respond to said motion, this response is due: January 18, 2013. However, based upon this Plaintiff's motion for rehearing, Plantiff (sic), prays this court will extend that date to allow Plantiff (sic), to formally serve Defendants immediately with discovery request and allow a reasonable amount of time for Defendants to respond to discovery request."

This Court addressed that request in its Order Denying Motion for Rehearing:

> The balance of the motion has to do with extending dates for discovery. This case now has a summary judgment motion pending. The Court declines to consider discovery issues at this juncture. (Doc. 42)

Hence, no discovery request was before the Magistrate Judge when she considered the Defendants' summary judgment motion.

Even if this Court revisited Harris' motion for rehearing and construed it as a motion to extend discovery, or as a motion under F.R.C.P. 56(d) to allow Harris to respond to Defendants' dispositive motion, it would be denied.

Rule 56(d) of the Federal Rules of Civil Procedure says:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, [she] cannot present facts essential to justify [her] opposition [to a motion for summary judgment], the court may: (1) defer considering the

5

>motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

The Sixth Circuit holds that when faced with an affidavit to extend discovery, a judge has discretion to grant or deny the request. *Plott v. General Motors Corp., Packard Elec. Div.*, 71 F.3d 1190 (6th Cir. 1996) (noting that courts are not clear as to the type of discretion). The affidavit must show a plaintiff's need for discovery, what material facts she hopes to uncover, and why she has not previously discovered the information. *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).

When determining whether to grant a motion to extend discovery, a court may consider several factors. *Plott,* 71, F.3d at 1196. These factors are: (1) when the plaintiff learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the summary judgment ruling; (3) how long the discovery period had lasted; (4) whether the appellant was dilatory in its discovery efforts; and (5) whether the appellee was responsive to discovery requests. *Id.*

Harris never submitted an affidavit. *See Steele v. City of Cleveland*, 375 Fed. Appx. 536, 540 (6th Cir. 2010) (finding that if no affidavit is provided, a district court is justified in denying the motion outright).

Even if Harris had provided an affidavit, her request would be denied because it is void of specificity. Harris sought certified copies of grievances and various documents she sent to the prison administration, a non-party. In Harris' motion for rehearing she says there has been no response to her request for certified documents; she asked this Court for more time to subpoena the information. Harris does not say what the documents will reveal, what material facts she hopes to uncover, or why certified

6

information from the MDOC will help defend against Defendants' motion for summary judgment. She also does not elaborate on the discovery requests she wanted to serve on Defendants.

Accordingly, at the time the Magistrate Judge considered the Defendants' summary judgment motion, that motion had gone unanswered, and no proper request under 56(d) to extend discovery was before her. The Court modifies this finding made by the Magistrate Judge and grants Jones' objection.

**B. SECOND OBJECTION**

Jones' second objection is: "the Magistrate Judge neglected to consider Defendant Jones' qualified immunity argument." Defendant Jones says he should be granted summary judgment because he is entitled to qualified immunity, an argument made in his motion which the Magistrate Judge neglected to address. The Court agrees that Jones is entitled to qualified immunity.

That discovery may be ongoing is of no moment once qualified immunity is raised. Qualified immunity "shields individuals not just against liability, but against the suit itself." *Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2012). Immunity questions must be resolved "at the earliest possible stage of litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Because qualified immunity is an immunity from suit rather than a mere defense to liability, the defense "is effectively lost" if the case is allowed to proceed. *Id.* at 231.

The Sixth Circuit has also repeatedly held that, "when faced with a motion based on qualified immunity, a district court cannot avoid ruling on the issue." *Summers v. Leis*, 368 F.3d 881, 886 (6th Cir. 2004). Failing to address qualified immunity is reversible

error. "[B]ecause the defense of qualified immunity is a threshold question, if the defense is properly raised prior to discovery, the district court has a duty to address it." *Id*. The decision may be delayed only if the plaintiff files a proper Rule 56(d) (formerly 56(f)) affidavit. *Id*. at 887. The Court has already discussed Plaintiff's failure to file a Rule 56(d) affidavit and that Plaintiff failed to show how additional discovery was necessary. There was no reason to delay a decision on qualified immunity.

Government officials who perform discretionary functions are generally entitled to qualified immunity and are protected from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The threshold question for the Court in the qualified immunity analysis is whether, based on facts alleged and considered in "the light most favorable to the party asserting the injury," the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the Court finds a constitutional violation, the next step is to determine whether the right was clearly established. *Id*. at 202.

However, in *Pearson v. Callahan*, 555 U.S. 223 (2009), the Supreme Court held that courts may now decide qualified immunity by finding that the law was not clearly established, without first deciding the question of whether there was a violation in the first place. *Pearson*, 555 U.S. at 238.

Harris says Jones violated her constitutional right by failing to protect her from Topps' assault. Jones disputes any violation and says he is automatically entitled to summary judgment because Harris did not respond to his motion.

8

While Jones is not automatically entitled to summary judgment, in cases where the nonmoving party fails to respond to a motion for summary judgment, the Court must still determine whether the moving party has shown that the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact. *Copeland*, 57 F.3d at 478. It would be an abuse of discretion for the Court to automatically grant Jones' motion for summary judgment simply because Harris failed to respond. *Carver v. Bunch,* 946 F.2d 451, 455 (6th Cir. 1991). However, Harris does not meet her burden, even viewing the facts in the light most favorable to her. The record does not support an Eighth Amendment failure to protect claim.

While the Supreme Court imposes a duty on prison officials to protect inmates, in order to establish an Eighth Amendment violation, Harris must show: (1) the deprivation alleged is, objectively, "sufficiently serious" and (2) a prison official has a "sufficiently culpable state of mind." *Farmer v. Brennan,* 511 U.S. 825, 834 (1970). To establish the objective requirement, the inmate must show that "[s]he is incarcerated under conditions posing a substantial risk of serious harm." *Id.*

Jones says by affidavit that Harris did not inform him Topps threatened her, but instead informed him that Topps threatened another prisoner. Jones says had Harris told him she was threatened, reasonable steps would have been taken to protect her. Harris alleges in her complaint that she told Jones Topps threatened her, but this allegation does not create an issue of fact. See *Sharp v. Kelsey*, 918 F. Supp.1115, 1123 (W.D. Mich. 1996) (noting that because plaintiffs' complaint was not verified, plaintiffs could not rest upon it to establish triable issues of fact in civil rights action after

9

defendant officers presented sworn testimony asserting defense of qualified immunity); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986) (noting that the nonmoving party is required to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial); *Baxter v. Ry. Exp. Agency, Inc.,* 455 F.2d 693, 696 (6th Cir. 1972) (noting that the unsworn averments of a complaint will not suffice on motion for summary judgment, to counter issues of fact sworn to in an affidavit supporting such motion).

Harris fails to sufficiently dispute Jones' affidavit. Nor does she make the proper demonstration under Rule 56(d). Thus, for purposes of summary judgment, the Court must assume that Harris did not tell Jones she was threatened.

If Harris failed to inform Jones that she was threatened, Harris fails to satisfy the necessary objective component, because it would not be objectively reasonable to believe that Jones knew Harris was in danger. There is also no evidence that Topps had a history of threatening or violent behavior, aside from Harris' allegations in her complaint.

Harris also fails to establish the subjective component requirement necessary to establish an Eighth Amendment violation. In order to establish the subjective requirement, a plaintiff must show the officer acted with a "deliberate indifference" to an inmate's health or safety. *Helling v. McKinney*, 509 U.S. 25, 34 (1993). Jones could not have acted with deliberate indifference if he did not know of the alleged harm.

Based on the foregoing, the Court finds that Jones is entitled to qualified immunity because Harris fails to establish a constitutional violation.

Jones would be entitled to qualified immunity even if there were issues of fact in dispute concerning a constitutional violation, because Harris fails to show that Jones violated a clearly established right. To find that a clearly established right exists, "the district court must find binding precedent by the Supreme Court, [the Sixth Circuit], the highest court in the state in which the action arose, or itself, so holding." *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994). The Court can find no such cases which hold that a generalized threat by an inmate that is directed towards a person other than the plaintiff, is enough to put a defendant on notice that he must defend against allegations of a constitutional magnitude. Jones is entitled to qualified immunity for this reason as well.

### C. Godwin's Motion for Summary Judgment

Harris did not file objections to the Magistrate Judge's grant of summary judgment for Godwin. That recommendation is accepted.

## V. CONCLUSION

The Court **ACCEPTS** the Magistrate Judge's Report and Recommendation **IN PART:** The Court accepts the recommendation that claims against Godwin be dismissed.

The Court **REJECTS** that part of the Magistrate Judge's Report and Recommendation that Jones' motion for summary judgment be denied.

Defendants' summary judgment motion is **GRANTED** in its entirety.

**IT IS ORDERED.**

                                                              /s/ Victoria A. Roberts
                                                              Victoria A. Roberts
                                                              United States District Judge

Dated: March 28, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record and Christine Harris by electronic means or U.S. Mail on March 28, 2013.

S/Linda Vertriest
Deputy Clerk

12